UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Joseph Dyches,<br>    Plaintiff,<br><br>v.<br><br>United States of America, United States Department of Justice, United States Attorney General, United States Marshals Service (USMS), South Carolina District Court- Columbia, SC, and Matthew J. Perry, Jr. United States Federal Courthouse, United States Department of Corrections, Clarendon County, and Clarendon County Sheriff's Department,<br>    Defendants. | CASE NO:  2:24-cv-6359-DCN-MGB<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

COMES NOW Joseph Dyches, Plaintiff in the above captioned action, and complaining of Defendants, shows this Honorable Court as follows:

### THE PARTIES

1. The Plaintiff is a citizen and resident of Clarendon County, South Carolina.

2. Defendant **United States of America** is the Government of the United States of America.

3. Defendant **United States Department of Justice** is a departmental organization of the Government of the United States of America and existing under the laws of the District of Columbia and doing business in the State of South Carolina.

4. Defendant **United States Attorney General** is a departmental organization of the Government of the United States of America and existing under the laws of the District of Columbia and doing business in the State of South Carolina.

5. Defendant **United States Marshals Service (USMS)** is a departmental organization of the Government of the United States of America and existing under the laws of the District of Columbia and doing business in the State of South Carolina.

6. Defendant **South Carolina District Court- Columbia, SC** is a departmental organization of the Government of the United States of America and existing under the laws of the District of Columbia and doing business in the State of South Carolina.

7. Defendant **Matthew J. Perry, Jr. United States Federal Courthouse** is a departmental organization of the Government of the United States of America and existing under the laws of the District of Columbia and doing business in the State of South Carolina. This

1

incident occurred at the Matthew J. Perry Federal Courthouse located at 901 Richland Street, Columbia, South Carolina 29201.

8. Defendant **United States Department of Corrections** is a departmental organization of the Government of the United States of America and existing under the laws of the District of Columbia and doing business in the State of South Carolina.

9. Defendant **Clarendon County** is upon information and belief, a governmental entity within the meaning of the South Carolina Tort Claims Act, and is organized and doing business in Clarendon County, State of South Carolina.

10. Defendant **Clarendon County Sheriff's Department** is upon information and belief, a governmental entity within the meaning of the South Carolina Tort Claims Act, and is organized and doing business in Clarendon County, State of South Carolina.

## JURISDICTION

11. Jurisdiction properly lies with this Court pursuant to the Federal Tort Claims Act (28 U.S.C. §§ 1346, 2671-2680).

## VENUE

12. That because the Defendants do business within the County of Richland, State of South Carolina, and the events giving rise to this cause of action occurred in the County of Richland, State of South Carolina, which is in the division of Columbia, venue is proper within this division.

## FACTUAL ALLEGATIONS

13. That the allegations of paragraphs 1 through 12 above are realleged as if fully set forth herein verbatim.

14. On or about November 8, 2022, Defendants Clarendon County and Clarendon County Sheriff's Department were responsible for transporting the Plaintiff to the Matthew J. Perry, Jr. Federal Courthouse for a bond hearing.

15. On or about November 8, 2022, the Plaintiff was shackled by federal marshals at the Matthew J. Perry Federal Courthouse located at 901 Richland Street, Columbia, South Carolina.

16. Prior to November 8, 2022, the Defendants knew that the public and various physically impaired and vision impaired people would be traveling the parking lot, loading bay and outer grounds of the Matthew J. Perry Federal Courthouse.

17. Further the Defendants knew that there were "drains" in common traffic areas of the courthouse and inmate chains were prone to get caught in the drains as they were directed to travel over them by federal marshals. Further the Defendants knew that the drains could create an unreasonable dangerous condition for shackled inmates.

18. The Plaintiff was on the Defendants premises for the purpose of a bond hearing.

19. The Plaintiff's chain from the shackle got caught in a drain, causing him to fall and break his leg, as well as cut his head and elbows open.

20. The Plaintiff was not taken to the hospital for medical care and was routinely denied adequate medical attention for his injuries.

21. The Plaintiff was transported by Clarendon County back to his residence without providing medical care.

22. The plaintiff then went to the emergency department, and it was discovered that his leg was broken.

23. The drain in the parking lot and/or loading bay constituted a dangerous and hazardous condition.

24. Defendants knew or should have known through reasonable inspection that the drain on the floor created an unreasonably dangerous condition at the time of the Plaintiff's injury.

25. A week prior to the Plaintiff's injury, another individual was injured after coming into contact with the same drain.

26. Prior to November 8, 2022, Defendants knew or should have known of the existence of these dangerous and hazardous conditions.

27. That at all times herein mentioned the Plaintiff was acting in a prudent and lawful manner in his conduct on the premises.

28. The presence of the drain on the floor was the sole and proximate cause of the Plaintiff's fall, and the Defendants, their agents and/or employees knew or should have known of its presence and that chains were prone to get caught in the drains and constituted an unreasonable danger to inmates and members of the public who were present on the premises.

29. At all times herein mentioned, the premises were under the direct operation and control of the Defendants, their agents and employees.

30. At all times herein, Defendants owed the Plaintiff a duty of care to keep the premises in a safe condition for their intended use, to inspect the premises to discover dangerous conditions, to warn of or eliminate unreasonable risks on the premises.

31. At all times herein, the Defendants owed a duty to their invitees, including the Plaintiff, to keep and maintain their floors in a reasonably safe condition for the use of their invitees.

32. Specifically, Defendants should have warned inmates and the public of the dangerous conditions.

33. The Defendants should have blocked off the drain as it posed an unreasonably dangerous condition.

34. The Defendants had a duty not to create, or to allow to exist, dangerous conditions, or if such conditions existed, to give notice or warning thereof to their invitees.

35. The Defendants' actions did cause significant physical injury to the Plaintiff.

### FIRST CAUSE OF ACTION: AS TO ALL DEFENDANTS
### FEDERAL TORTS CLAIM ACT

36. That the allegations of paragraphs 1 through 27 above are realleged as if fully set forth herein verbatim.

37. Pursuant to the FTCA, 28 U.S.C. §§ 2671-2680, individuals who are injured or whose property is damaged by the wrongful or negligent act of a federal employee acting within his or her official duties may file a claim with the government for reimbursement for that injury or damage.

38. That the Plaintiff is eligible to file a FTCA for the Defendants negligence in one or more of the following particulars, to wit:

    a. The Plaintiff was injured by the negligence of a federal government employee;
    b. the employee was acting within the scope of his or her official duties;
    c. the employee was acting negligently or wrongfully; and
    d. the negligent or wrongful act proximately caused the injury or damage of which the Plaintiff complains.

### SECOND CAUSE OF ACTION: AS TO ALL DEFENDANTS
### STATE TORTS CLAIM ACT

39. That the allegations of paragraphs 1 through 27 above are realleged as if fully set forth herein verbatim.

40. As per, South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-40 and 15-78-70, Defendants are proper for torts committed by their employees acting within the scope of their official duties.

41. That the Plaintiff is eligible to file a South Carolina Tort Claims Act for the Defendants negligence in one or more of the following particulars, to wit:

    a. The Plaintiff was injured by the negligence of a federal government employee;
    e. the employee was acting within the scope of his or her official duties;
    f. the employee was acting negligently or wrongfully; and
    g. the negligent or wrongful act proximately caused the injury or damage of which the Plaintiff complains.

# THIRD CAUSE OF ACTION: AS TO ALL DEFENDANTS
# NEGLIGENCE/GROSS NEGLIGENCE

42. That the allegations of paragraphs 1 through 27 above are realleged as if fully set forth herein verbatim.

43. That the Defendants by their acts and omissions were negligent, grossly negligent, careless, reckless, willful and wanton in one or more of the following particulars, to wit:

    a. In creating an unreasonable dangerous condition;
    b. In then and there failing to keep the area of pedestrian traffic used by the Plaintiff free from safety hazards in which area presented danger to those persons using the area of pedestrian traffic on the Defendants' premises;
    c. In then and there failing to properly maintain their premises so that there were no issues regarding a safe premises and that such violations or safety issues presented a safety hazard to those persons on the Defendants' premises;
    d. In then and there failing to post warning signs or give notice to invitees of the presence of dangerous conditions;
    e. In failing to block off the area, thereby guarding against the hazardous condition;
    f. In then and there failing to properly maintain the Defendants' premises;
    g. In then and there failing to comply with statutes and regulations governing the Defendants' premises;
    h. In failing to properly inspect the premises to remove hazardous conditions that constituted a danger to members of the public thereon;
    i. In failing to take proper precautions to ensure that there existed no unreasonably dangerous conditions on the Defendants' premises;
    j. In failing to keep the premises in a reasonably safe condition for business invitees who may be present thereon;
    k. In failing to exercise the degree of care, caution, and prudence an owner or manager of a business would have exercised under the same or similar circumstances then and there prevailing;
    l. In failing to warn of the dangerous conditions created by the drain on the floor which posed a foreseeable risk of injury to persons on the Defendants' premises;
    m. In failing to ensure that the custody of all federal prisoners is safe and humane from the time of arrest until the prisoner is acquitted, arrives at a designated Federal Bureau of Prisons facility to serve a sentence, or is otherwise ordered released from U.S. Marshals' custody. This includes providing housing, medical care, and transportation throughout the U.S. and its territories; producing prisoners for all court-ordered appearances; and protecting their civil rights through the judicial process; and
    n. In failing to provide adequate medical treatment for the Plaintiff by failing to take the Plaintiff to the hospital and routinely denying adequate medical attention for his injuries.

44. All such acts of the Defendants were the direct and proximate cause of the injuries and damages the Plaintiff suffered, as are more fully set forth below, said acts being in violation of the laws of the State of South Carolina and such acts were wanton, willful,

      reckless, negligent and grossly negligent and were without regard for the safety of Plaintiff and others on their premises.

45. As a direct and sole consequence of the aforesaid injuries, the Plaintiff has incurred expenses for medical care and other incidental costs. The Plaintiff has had to endure pain and suffering resulting in the loss of enjoyment of life and the pain and suffering will continue to impair the Plaintiff.

46. The Plaintiff has incurred expenses for medical care and other incidental costs. He has suffered psychological and physical pain, and this pain will continue to impair Plaintiff in the future. The Plaintiff has had to endure pain and suffering resulting in the loss of enjoyment of life and the pain and suffering will continue to impair the Plaintiff.

47. Plaintiff is informed and believes that he is entitled to judgment against the Defendants in the sum of such actual and punitive damages that a trier of fact may find, together with the costs of this action.

      WHEREFORE, the Plaintiff prays for judgment against the Defendants for such sum of actual and punitive damages that a trier of fact may find, for the costs of this action, and for such other and further relief as this Court may deem just and proper.

                                                   **WIGGER LAW FIRM, INC.**

                                                   **s/ Matthew O. King**
                                                   Matthew O. King, Esquire
                                                   (Fed. ID #: 13793)
                                                   Attorney for the Plaintiff
                                                   8086 Rivers Avenue, Ste. A
                                                   N. Charleston, SC  29406
                                                   (843) 553-9800
                                                   Email: mking@wiggerlawfirm.com

North Charleston, South Carolina
This **7th** of **November** 2024.